**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD**

**MICHAEL EDEN and
ELIZABETH A. EDEN**

       **Plaintiff,**

**v.**

**JOSEPH CAR TRANSPORT, LLC,**              **Civil Action No.:** 1:22-cv-00236
**YAHIA ALCHARBAJI,**
**FRONTIER COMMUNICATIONS CORPORATE**    **Judge:**
**SERVICES, INC., CITIZENS**
**TELECOMMUNICATIONS COMPANY OF**
**WEST VIRGINIA d/b/a FRONTIER**
**COMMUNICATIONS OF WEST VIRGINIA,**
**FRONTIER COMMUNICATIONS CORPORATION,**
**C.H. ROBINSON OPERATIONS, INC.,**
**C.H. ROBINSON WORLDWIDE, INC.,**
**C.H. ROBINSON COMPANY, INC., and**
**KGPCO INC.,**

       **Defendants.**

**COMPLAINT**

      Comes now the plaintiffs, Michael Eden and Elizabeth Eden, husband and wife, by and

through their undersigned counsel, and for their Complaint against the Defendants allege as

follows:

**PARTIES, JURISDICTION AND VENUE**

      1.     The plaintiffs, Michael and Elizabeth A. Eden, are and at all times relevant herein

were, residents and citizens of Bluefield, Virginia.

      2.     At all times relevant hereto, defendant Joseph Car Transport, LLC ("Joseph Car

Transport) is an Ohio limited liability company with its principal place of business in Ohio.  At all

times relevant hereto, defendant Joseph Car Transport transacted and conducted business in West

Virginia, including making deliveries to Frontier's facility in Bluefield, West Virginia located at 226 Labrador Drive.   Defendant Joseph Transport, as an interstate and commercial motor carrier operating under U.S.D.O.T. No. 3412519, is and at all times relevant herein was, subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA"), the United States Department of Labor Occupational Safety and Health Administration ("OSHA") and the West Virginia Public Service Commission ("WVPSC") and was responsible for compliance with all applicable FMCSA, OSHA and/or WVPSC rules and regulations, as well as consensus industry safety and workplace standards, rules and practices.

3.      At all times relevant hereto, defendant Yahia Alcharbaji ("defendant Alcharbaji") was the owner, agent and/or employee of Joseph Car Transport, LLC and a resident and citizen of Ohio. At all times relevant hereto, defendant Alcharbaji was making deliveries on behalf of Joseph Car Transport, LLC and was acting in the scope of his employment or agency relationship with Joseph Car Transport when making delivers to Frontier's facility in Bluefield, West Virginia.

4.      At all times relevant hereto, defendants Frontier Communications Corporation, Frontier Communications Corporate Services, Inc., and Citizens Telecommunications Company of West Virginia d/b/a Frontier Communications of West Virginia (collectively hereinafter referred to as "Frontier Defendants") are Delaware corporations with their principal place of business in Norwalk, Connecticut.  The Frontier Defendants provide wired telecommunications carrier and fiber optics services in West Virginia.  At all times relevant hereto, the Frontier Defendants transacted and conducted business in West Virginia through its facility located at 226 Labrador Drive, Bluefield, Mercer County, West Virginia.  As such, the Frontier Defendants are, and at all times relevant herein were, subject to the jurisdiction of the United States Department of Labor Occupational Safety and Health Administration ("OSHA") and were responsible for

compliance with all applicable OSHA rules and regulations, as well as consensus industry safety and workplace standards, rules and practices.

5.     At all times relevant hereto, defendants C.H. Robinson Operations, Inc., C. H. Robinson Worldwide, Inc., and C.H. Robinson Company, Inc. (hereinafter collectively referred to as "C.H. Robinson Defendants"), are Minnesota corporations with their principal place of business in Eden Prairie, Minnesota.    The C.H. Robinson Defendants are in the business of providing transportation support services, including but not limited to, freight and delivery transportation arrangement, coordinating, and scheduling.   At all times relevant hereto, the C.H. Robinson Defendants provided support services to the Frontier Defendants, including but not limited to, transportation support, freight, and delivery transportation arrangement and scheduling, including retaining, selecting, and hiring defendant Joseph Car Transport to deliver the subject load (reel of innerduct) at issue in this case.   As such, the C.H. Robinson Defendants are, and at all times relevant herein were, subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA") and the United States Department of Labor Occupational Safety and Health Administration ("OSHA") and was responsible for compliance with all applicable FMCSA and OSHA rules and regulations, as well as consensus industry safety and workplace standards, rules and practices.

6.     At all times relevant hereto, defendant KGPCO, Inc. (hereinafter "KGPCO") is a Minnesota corporation with its principal place of business in Faribault, Minnesota.  Defendant KGPCO contracted with the Frontier Defendants to handle the ordering and stocking of supplies and materials for the Frontier Defendants' facility at 226 Labrador Drive, Bluefield, West Virginia, and therefore, transacted and conducted business in West Virginia.  As such, the Frontier Defendants are, and at all times relevant herein were, subject to the jurisdiction of the United States

Department of Labor Occupational Safety and Health Administration ("OSHA") and was responsible for compliance with all applicable OSHA rules and regulations, as well as consensus industry safety and workplace standards, rules and practices.

7.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper before this Court since the subject incident resulting in plaintiff's serious injuries occurred within the Southern District of West Virginia in or near Bluefield, Mercer County, West Virginia..

**FACTS**

8.      At all times relevant hereto, plaintiff Michael Eden was employed by defendant KGPCO.  Mr. Eden worked at the Frontier Defendants' facility located at 226 Labrador Drive, Bluefield, Mercer County, West Virginia.  The Frontier Defendants entered into an Agreement with defendant KGPCO to handle the ordering and stocking of supplies and materials at their Bluefield facility.  In addition to the ordering and stocking of supplies, Mr. Eden's job included scheduling and assisting with deliveries made to the subject premises.

9.      The Frontier Defendants provided a forklift for Mr. Eden to use when needed to unload deliveries and stock the supplies/materials from the deliveries.  The forklift was owned, leased, controlled, maintained, repaired, and serviced by the Frontier Defendants.  Neither Mr. Eden nor his employer, defendant KGPCO, was responsible for maintaining the forklift.

10.     The Frontier Defendants entered into an Agreement with the C.H. Robinson Defendants for transportation services, which include coordinating deliveries with motor carriers and/or delivery companies to Frontier's facility in Bluefield, West Virginia and hiring/retaining qualified, competent, trained, reliable, certified, and licensed motor carriers to carry out the

deliveries.  The C.H. Robinson Defendants are transportation broker(s) and transportation service companies.

11.     Defendant Joseph Car Transport, upon information and belief, likewise had an Agreement with the C.H. Robinson Defendants for motor carrier services.

12.     Defendant Joseph Car Transport's owner and/or driver, Defendant Yahia Alcharbaji, is a prior convicted felon.  Mr. Alcharbaji was convicted for various offenses related to his involvement in a large operation that transported, repackaged, and sold stolen property, which was based out of Dayton, Ohio. *See United States v. Abdelsalam*, 311 Fed. Appx. 832, 2009 U.S. App. LEXIS 3422 (6th. Cir. February 19, 2009).  Defendant Joseph Car Transport is vicariously and directly liable for Defendant Yahia Alcharbaji's actions and conduct.

13.     Both defendant Joseph Car Transport and the C.H. Robinson Defendants had a duty and responsibility to provide transportation and motor carrier services in full compliance with Federal and/or State laws and regulations, including but not limited to, the FMCSA, as well as applicable industry safety standards governing their operations.

14.     Defendants Joseph Car Transport and the C.H. Robinson Defendants at all times material and relevant hereto, were businesses that continuously employed, worked with and /or associated with each other and/or acted pursuant to a joint venture relationship with each other in a manner that relates to all aspects of the business of professional commercial carrier companies and loading/shipping/transporting goods/products.

15.     Defendants C.H. Robinson and Joseph Car Transport at all times material and relevant hereto, had possession and control over the conduct, actions, omissions and behavior of Defendant Alcharbaji.

16.     Defendants C.H. Robinson and Joseph Car Transport at all times material and relevant hereto, acted by and through actual, apparent, authorized and/or ostensible agents, employees and/or servants, including but not limited to Defendant Alcharbaji who was acting:

    a)    Within the scope of his agency and/or employment with Defendants C.H. Robinson and Joseph Car Transport;

    b)    In furtherance of the Defendants C.H. Robinson and Joseph Car Transport's business and/or pursuant to the joint venture relationship and/or under the actual apparent, authorized and/or ostensible authority, control and/or right of control of Defendants C.H. Robinson and Joseph Car Transport; and/or

    c)    In the service of the Defendants C.H. Robinson and Joseph Car Transport.

17.     Upon information and belief, Defendants C.H. Robinson and Joseph Car Transport at all times material and relevant hereto, failed to comply with Part 391 of the FMCSR pertaining to Defendant Alcharbaji.

18.     Defendants C.H. Robinson and Joseph Car Transport at all times relevant hereto, simply allowed Defendant Alcharbaji to operate commercial motor vehicle in direct furtherance of those companies' business operations without consideration of the specific person to whom would be operating and transmitting/unloading loads on their behalf, or whether that person was qualified to do so safely and legally.

19.     At all times material and relevant hereto, Defendant Alcharbaji was acting within the scope and course of his employment and/or specific agency relationship and/or pursuant to a joint venture relationship with Defendants C.H. Robinson and Joseph Car Transport, as specifically outlined throughout this Complaint.  Consequently, Defendants C.H. Robinson and Joseph Car Transport

20.     Defendant KGPCO and the Frontier Defendants had a mandatory policy for the delivery driver, motor carrier (defendant Joseph Car Transport), and/or the C.H. Robinson

Defendants to contact plaintiff Michael Eden and schedule a delivery appointment at least 24 hours prior to arrival at Frontier's facility in Bluefield, West Virginia.  This policy is stated clearly in the bill of lading for the shipment/delivery.  This policy was in effect so plaintiff could be prepared to receive the delivery.

21.     Defendant Joseph Car Transport and its owner driver, Yahia Alcharbaji, previously made a delivery to Frontier's facility.  During this prior occasion, defendant Joseph Car Transport and its driver arrived without first contacting Mr. Eden to schedule an appointment in violation of defendant KGPCO and the Frontier Defendants' policy.  Mr. Eden made a complaint to KGPCO and Frontier management regarding this behavior.

22.     In the weeks immediately prior to June 18, 2020, the Frontier Defendants' forklift, which Mr. Eden utilized to handle the deliveries, was removed from service for repairs and maintenance.  This was the only available forklift for use on the premises.  The Frontier Defendants were responsible for repairing, maintaining, and servicing the forklift.

23.     On June 18, 2020, defendant Joseph Car Transport and its owner/driver, Yahia Alcharbaji, arrived at Frontier's facility again without an appointment with a large 5,000 ft. reel of innerduct, which weighed approximately 2,200 pounds.  Innerduct is a tube used to subdivide large ducts (tubes) for placement of optical fiber cables in the underground conduit system.

24.     The subject large reel of innerduct arrived on a flatbed trailer (2017 Big Tex, License Plate: Ohio TRA 7570), which was being transported and hauled by a Ford F350 (License Plate No.: Ohio PWM 7563).  Both the trailer and truck were owned by defendant Joseph Car Transport and being operated under Joseph Car Transport's USDOT number, as a federal motor carrier.

25.     When unloading and handling large reels of innerduct in the past, plaintiff, Mr. Eden, utilized the Frontier Defendants' forklift.  However, the forklift had not been repaired and was not available for use on June 18, 2020.

26.     Due to the forklift being unavailable, plaintiff, Mr. Eden, would not have scheduled this load to be delivered on June 18, 2020, had defendant Joseph Car Transport, its driver, and/or the C.H. Robinson Defendants contacted Mr. Eden and the facility 24 hours prior to arrival in compliance with company policy.

27.     Due to the Frontier Defendants' policy not to refuse any deliveries and/or shipments made to its facility, Mr. Eden was forced to accept this delivery, which exposed him to an unsafe workplace and unsafe working condition because the forklift was not available for use.

28.     Defendant Joseph Car Transport's driver informed Mr. Eden that he had previously unloaded several reels of innerduct by hand by rolling them off the trailer ramps.  The driver, Yahia Alcharbaji, advised that as long as plaintiff could assist him, they could unload the subject reel.

29.     There were two (2) separate ramps that attached and secured to the rear of the trailer.  The subject reel of innerduct was on the driver's side.  Plaintiff was positioned on the ground on the driver's side to assist in guiding the large reel down the ramp.  The driver was standing on the trailer attempting to roll the reel onto the driver's side ramp.  As soon as the axis of the reel hit the driver's side ramp, the ramp gave way and collapsed.  As a result, the 2,200-pound reel shifted and fell toward the plaintiff where he could not physically hold it up.  The reel came completely off the ramp and rolled up on the plaintiff crushing his leg and back.

30.     Following the incident, it was determined that the driver for defendant Joseph Car Transport, defendant Yahia Alcharbaji, failed to secure and attach the driver's side ramp to the trailer, which resulted in the subject incident.



31.     As a result of the incident, plaintiff Michael Eden sustained serious injuries, including but not limited to, a very large and significant right leg laceration; back injury which has resulted in surgical intervention, including a fusion surgery from T9 to S1; neck injury; left and right shoulder injury; and post-traumatic headaches.  Mr. Eden was taken immediately from the scene to the hospital.  Mr. Eden has not been able to return to work since the incident.

32.     As a direct and proximate result of the actions, omissions and conduct of the defendants, on and prior to June 18, 2020, the plaintiff, Michael Eden, sustained severe, permanent, and disabling injuries described herein, and he has further sustained the following past and future damages:

        a.  extreme physical pain and suffering;

        b.  extreme mental anguish and suffering;

    c.  permanent physical impairment;

    d.  loss of wages and benefits;

    e.  loss of future earning capacity and benefits;

    f.  loss of capacity to enjoy life;

    g.  medical expenses past and future;

    h.  annoyance and inconvenience; and,

    i.  permanent scarring, disfigurement, and range of motion.

## COUNT I
## NEGLIGENCE – DEFENDANTS JOSEPH CAR TRANSPORT, LLC
## AND YAHIA ALCHARBAJI

33.     The plaintiffs repeat and incorporate here by reference, the allegations contained in paragraphs 1 through 32 of this Complaint as if set forth herein verbatim.

34.     Defendant Joseph Car Transport, a federal motor carrier, owned, operated, and controlled the subject truck and trailer that transported the subject reel of innerduct on June 18, 2020, and as such, is directly and vicariously liable for Defendant Yahia Alcharbaji's actions and conduct.   Defendant Joseph Car Transport, through the actions and conduct of its owner/driver/employee, Mr. Alcharbaji, also controlled, developed, supervised, and carried out the unloading plan and process for the subject delivery.  As such, defendants Joseph Car Transport and Yahia Alcharbaji owed a mandatory common law duty to plaintiff and/or voluntarily assumed a duty through its own actions, to exercise reasonable and ordinary care, as well as a statutory and regulatory duty pursuant to the FMCSA and OSHA safety rules, regulations, and consensus industry safety standards and practices.  Defendants Joseph Car Transport's and Mr. Alcharbaji applicable duties included, but are not limited to:

- Ensuring that the subject load was safely and adequately off-loaded (unloaded);

- Ensuring that the immediate area was clear and secured before off-loading procedures commenced;

- Establishing that all equipment utilized during the unloading process, including but not limited to, the two (2) ramps on the back of the trailer, were properly and securely attached;

- Complying with mandatory policies applicable to Frontier's facility, including but not limited to, contacting the facility and specifically plaintiff, Michael Eden, at least 24 hours prior to arrival to schedule a delivery time;

- Ensuring that its employee/driver performing the off-loading tasks, was properly trained and competent to perform such tasks;

- Establishing and enforcing safe work procedures to conduct and perform the off-loading process for the subject load;

- Providing a safe work environment; and

- Complying with mandatory safety rules, policies, regulations and consensus industry standards.

35.    Defendants Joseph Car Transport and Mr. Alcharbaji negligently, carelessly, outrageously, and unlawfully breached its duties referenced herein to plaintiff Michael Eden, proximately causing the subject incident and plaintiff's serious, permanent, and disabling injuries.

36.    As a direct and proximate result of defendants Joseph Car Transport's and Mr. Alcharbaji's actions and omissions referenced herein, plaintiff Michael Eden sustained the severe and permanent injuries and damages described herein.

## COUNT II
## NEGLIGENCE – FRONTIER DEFENDANTS[1]

37.     The plaintiffs repeat and incorporate here by reference, the allegations contained in paragraphs 1 through 36 of this Complaint as if set forth herein verbatim.

38.     The Frontier Defendants owned, operated, leased, controlled, managed, and supervised the subject premises and facility in Bluefield, West Virginia.  The Frontier Defendants had their own employees working on the premises.  In addition, the Frontier Defendants owned, leased, controlled, maintained, serviced, repaired, and were otherwise responsible for the subject forklift that plaintiff used to handle deliveries and stock the facility.  The Frontier Defendants had a mandatory policy to not refuse any shipment or delivery.  As such, the Frontier Defendants owed a mandatory common law duty to plaintiff and/or voluntarily assumed a duty through its own actions, to exercise reasonable and ordinary care, as well as a statutory and regulatory duty pursuant to the FMCSA and OSHA safety rules, regulations, and consensus industry safety standards and practices.  The Frontier Defendants' duties included, but are not limited to:

- Ensuring that the subject forklift was in safe operating condition and available for plaintiff to use at all times during deliveries;

- Ensuring that plaintiff had safe available alternatives to handle deliveries when the subject forklift was out of service for repairs/maintenance;

- Ensuring that plaintiff had proper tools and equipment available for use at all times to perform his assigned tasks, including accepting and unloading deliveries;

- Ensuring that safe, properly trained, and competent motor carriers and/or delivery companies were being retained to make deliveries on the subject premises;

- Establishing and enforcing safe work procedures and policies for accepting/rejecting deliveries and conducting/performing the off-loading process;

---

[1] Should it later be determined or ruled that the Frontier Defendants, under West Virginia law, are considered an employer and entitled to the immunities set forth by the West Virginia Workers' Compensation Act, the facts forming the basis of plaintiffs' claims against the Frontier Defendants also clearly rise to the level of deliberate intent under West Virginia law, W. Va. Code 23-4-2(d)(2)(B), which is a statutory exception to workers' compensation immunity. *See* Count VII below, which is pled in the alternative against the Frontier Defendants.

- Providing a safe workplace; and

- Complying with mandatory safety rules, regulations, and consensus industry standards.

39.     The Frontier Defendants negligently, carelessly, outrageously, and unlawfully breached its duties referenced herein to plaintiff Michael Eden, proximately causing the subject incident and plaintiff's serious, permanent, and disabling injuries.

40.     As a direct and proximate result of the Frontier Defendants' actions and omissions referenced herein, plaintiff Michael Eden sustained the severe and permanent injuries and damages described herein.

## COUNT III
## NEGLIGENCE – C.H. ROBINSON DEFENDANTS

41.     The plaintiffs repeat and incorporate here by reference, the allegations contained in paragraphs 1 through 40 of this Complaint as if set forth herein verbatim.

42.     The C.H. Robinson Defendants, as a transportation broker and service company hired and contracted by the Frontier Defendants to coordinate the delivery of freight to Frontier's facility in Bluefield, West Virginia, and to hire, select, entrust, and retain competent, skillful, fully-trained, certified, licensed, quality, and reliable motor carriers and/or delivery companies to make such deliveries to Frontier's facility, owed a duty of care to Frontier and all persons working on its premises, including plaintiff Michael Eden, who was responsible for accepting and handling the various deliveries on the premises, pursuant to the FMCSA and OSHA safety regulations and applicable industry standards in the transportation broker industry, as well as their common law duty to use reasonable and ordinary care in performing their required duties under the contract/agreement and/or voluntarily assuming such duty through their own actions and conduct. The C.H. Robinson Defendants' duties included, but are not limited to, the following:

- Hiring, selecting, entrusting, and retaining competent, skillful, fully-trained, certified, licensed, quality, and reliable motor carriers and/or delivery companies to make deliveries to Frontier's facility and premises in Bluefield, West Virginia;

- Ensuring that the motor carrier – trucking company retained, selected, entrusted, and/or hired to make the delivery did not pose a risk of harm to others and was fit to perform the duties of an interstate motor carrier;

- Ensuring that the motor carrier – trucking company retained, selected, entrusted, and/or hired to make the delivery maintained its trailer in a safe condition and that a safe means for unloading the freight was enforced and implemented;

- Ensuring that the motor carrier – trucking company retained, selected, entrusted, and/or hired to make the delivery did not pose a risk of harm to others and was fit to perform the duties of an interstate motor carrier

- Properly coordinating the delivery of shipments to the subject premises with Frontier, KGPCO, and the motor carrier to ensure safe and timely delivery;

- Ensuring that the Frontier's facility, and specifically, Mr. Eden, is contacted at least 24 hours prior to the expected arrival of any delivery by the motor carrier, delivery company, and/or C.H. Robinson in conformity with mandatory policy for the subject premises; and

- Complying with mandatory safety rules, regulations and consensus industry standards.

43.     The C.H. Robinson Defendants negligently, carelessly, outrageously, and unlawfully breached their duties referenced herein to plaintiff Michael Eden, proximately causing the subject incident and plaintiff's serious, permanent, and disabling injuries.

44.     As a direct and proximate result of the C.H. Robinson Defendants' actions and omissions referenced herein, plaintiff Michael Eden sustained the severe and permanent injuries and damages described herein.

## COUNT IV
## JOINT VENTURE - DEFENDANTS JOSEPH CAR TRANSPORT AND C.H. ROBINSON DEFENDANTS

45.     The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 44 of this Complaint as if set forth herein verbatim.

46.     Defendants Joseph Car Transport and C.H. Robinson Defendants agreed to combine their knowledge, services, skill, assets, and property to jointly take part in the commercial motor carrier, transportation coordination, freight, and delivery business, including but not limited to the subject Delivery made to the Frontier Defendants' facility in Bluefield, West Virginia.  As a result of the combination of these defendants' knowledge, skill, property and effects, defendants Joseph Car Transport and the C.H. Robinson Defendants would realize and share in a profit from this joint endeavor.  Upon information and belief, defendants Joseph Car Transport and the C.H. Robinson Defendants entered into an Agreement to memorialize their working arrangement, which would include the subject Delivery.

47.     The above agreement was carried out, whereby prior to and at the time of the events giving rise to this cause of action, defendants Joseph Car Transport and the C.H. Robinson Defendants were responsible for and took part in the retention, coordination, performance and financing of the subject Delivery which has given rise to this cause of action.

48.     Defendants Joseph Car Transport and the C.H. Robinson Defendants were engaged in a single business task for profit, as it related to the operation and performance of the subject Delivery, including, but not limited to, the events of June 18, 2020, giving rise to this cause of action, and for this purpose combined their knowledge, skill and property.

49.     As members of a joint venture, defendants Joseph Car Transport and the C.H. Robinson Defendants are jointly and severally liable for all acts and omissions of individual co-venturers as they relate to this venture, including but not limited to the events giving rise to this cause of action.

50.     As a direct and proximate result of defendants Joseph Car Transport and the C.H. Robinson Defendants' actions and omissions referenced herein, plaintiff Michael Eden sustained the severe and permanent injuries and damages described herein.

## COUNT V
## AGENCY AND VICARIOUS LIABILITY
## DEFENDANTS JOSEPH CAR TRANSPORT AND C.H. ROBINSON DEFENDANTS

51.     The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth herein verbatim.

52.     At all times relevant herein, through the facts alleged in this Complaint, in addition to directly participating in the negligent, reckless, outrageous and unlawful conduct alleged herein related to the subject Delivery, defendants Joseph Car Transport and the C.H. Robinson Defendants  exercised, or had the right to exercise, control over defendant Alcharbaji in regards to the conduct alleged herein related to the retention, coordination, hiring, planning, transportation, delivery, and unloading of the subject load of innerduct and the manner and means in which the subject Delivery was accomplished.

53.     As an agent and/or employee of defendant Joseph Car Transport and the C.H. Robinson Defendants, acting in the scope of his employment and/or agency relationship, defendant Alcharbaji's negligent, reckless, outrageous and unlawful actions and conduct set forth herein were subjected to defendants' control and were fully approved, authorized, apparent, and ratified by the defendants.  Moreover, such actions were carried out on the behalf of defendants Joseph Car Transport and the C.H. Robinson Defendants.

54.     At all times relevant herein, defendants Joseph Car Transport and the C.H. Robinson Defendants held out defendant Alcharbaji as their agent, and represented that defendant Alcharbaji was in fact, an agent of these defendants.

55.     Defendants Joseph Car Transport and the C.H. Robinson Defendants authorized, approved and ratified the acts committed by defendant Alcharbaji, who was acting as an agent/employee for these defendants and in the course of his employment and/or agency.  Such acts were in direct violation of the FMCSR, OSHA and industry safety standards, as alleged herein, and defendants are therefore, vicariously liable for such actions and conduct, entitling plaintiffs to damages.

56.     As a direct and proximate result of defendants Joseph Car Transport and the C.H. Robinson Defendants' actions and omissions referenced herein, plaintiff Michael Eden sustained the severe and permanent injuries and damages described herein.

<u>**COUNT VI**</u>
**DELIBERATE INTENT - W. VA. CODE § 23-4-2(d)(2)(B)**
**DEFENDANT KGPCO, INC.**

57.     The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 56 of this Complaint as if set forth herein verbatim.

58.     On and prior to June 18, 2020, defendant KGPCO, Inc. violated W. Va. Code § 23-4-2(d)(2)(B), in that:

i.      A specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

ii.     Defendant, KGPCO, Inc., prior to the injury, had actual knowledge of the existence of the specific unsafe working condition(s) and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition(s);

iii.    That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of defendant KGPCO, Inc.;

iv.     That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, Defendant KGPCO, Inc.,

through its management and plaintiff's supervisors, nevertheless intentionally thereafter exposed plaintiff Michael Eden to the specific unsafe working condition(s); and

v. That Michael Eden suffered serious compensable injury as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition(s).

59. In support of the plaintiff's allegations as to the existence of specific unsafe working conditions and violations of relevant safety statutes, regulations, and industry safety standards as a contributing cause of plaintiff's injuries, plaintiff attaches the verified statement of a workplace safety consultant/expert, pursuant to W. Va. Code 23-4-2(d)(2)(C)(i).

60. As a direct and proximate result of defendant KGPCO, Inc.'s actions and omissions, on and prior to June 18, 2020, the plaintiff, sustained severe and permanent injuries and damages described herein.

**COUNT VII[2]**
**DELIBERATE INTENT - W. VA. CODE § 23-4-2(d)(2)(B)**
**FRONTIER DEFENDANTS**

61. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 60 of this Complaint as if set forth herein verbatim.

62. On and prior to June 18, 2020, the Frontier Defendants violated W. Va. Code § 23-4-2(d)(2)(B), in that:

i. A specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

ii. The Frontier Defendants, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition(s) and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition(s);

[2] This Deliberate Intent Count is pled ONLY in the alternative against the Frontier Defendants, should it later be determined or ruled that any and/or all of the Frontier Defendants are entitled to workers' compensation immunity under the West Virginia Workers' Compensation Act as an employer.

iii.   That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the Frontier Defendants;

iv.   That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the Frontier Defendants, through their management and plaintiff's supervisors, nevertheless intentionally thereafter exposed plaintiff Michael Eden to the specific unsafe working condition(s); and

v.   That Michael Eden suffered serious compensable injury as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition(s).

63.   In support of the plaintiff's allegations as to the existence of specific unsafe working conditions and violations of relevant safety statutes, regulations, and industry safety standards as a contributing cause of plaintiff's injuries, plaintiff attaches the verified statement of a workplace safety consultant/expert, pursuant to W. Va. Code 23-4-2(d)(2)(C)(i).

64.   As a direct and proximate result of the Frontier Defendants' actions and omissions, on and prior to June 18, 2020, the plaintiff, sustained severe and permanent injuries and damages described herein.

## COUNT V
## LOSS OF CONSORTIUM

65.   Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 64 of this Complaint as if set forth herein verbatim.

66.   As a further direct and proximate result of the conduct and actions of the defendants as described herein, the plaintiff, Elizabeth Eden, has been deprived of the loss of society, companionship, and consortium of her husband, Michael Eden.

WHEREFORE, the plaintiffs, Michael and Elizabeth Eden, demand judgment against the defendants, jointly and severally, for:

a.) an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b.) an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

c.) costs and attorney fees expended in prosecution of this matter;

d.) pre-judgment and post-judgment interest as provided under the law; and

e.) any and all other relief to which the Court deems plaintiffs are entitled.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

MICHAEL EDEN, and
ELIZABETH EDEN
By Counsel,

*/s/ J. Ryan Stewart*
J. Ryan Stewart (WVSB #10796)
BAILEY JAVINS & CARTER L.C.
213 Hale Street
Charleston, West Virginia 25301
Phone: (304) 345-0346
Fax: (304) 345-0375
rstewart@bjc4u.com

and

*/s/ Eric J. Buckner*
Eric Buckner (WVSB #9578)
KATZ, KANTOR, STONESTREET, & BUCKNER, PLLC
207 South Walker Street
Princeton, WV  24740
Phone: (304) 431-4050
ebuckner@kksblaw.com

Counsel for Plaintiff