```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       BLUEFIELD
```

**MICHAEL EDEN, et al.,**

       **Plaintiffs,**

**v.**                                           **CIVIL ACTION NO. 1:22-00236**

**JOSEPH CAR TRANSPORT, LLC,**
**et al.,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to strike filed by defendants Joseph Car Transport, LLC and Yahia Alcharbaji. (ECF No. 5). For the reasons explained below, that motion is **DENIED**.

## Background

This cases arises out of a workplace injury suffered by Michael Eden on June 18, 2020. On that date, Eden was an employee of KGPCO working at a facility owned or used by Frontier[1] in Bluefield, Mercer County, West Virginia whose job duties including ordering and stocking supplies and materials as well as "scheduling and assisting with deliveries made to the subject premises." ECF No. 1 at ¶ 8. The Frontier Defendants had an agreement with KGPCO to handle these tasks. See id.

---

[1] The Complaint names as defendants Frontier Communications Corporate Services, Inc., Citizens Telecommunications Company of West Virginia d/b/a Frontier Communications of West Virginia, and Frontier Communications Corporation and refers to them collectively as "Frontier Defendants". ECF No. 1 at ¶ 4.

On June 18, 2020, Joseph Car Transport and its owner/driver, Yahia Alcharbaji, arrived at Frontier's facility "with a large 5,000 ft. reel of innerduct, which weighed approximately 2,200 pounds." Id. at ¶ 23. In helping to unload the innerduct, Eden was injured when "the 2,200 pound reel shifted and fell toward" him and "rolled up on" him "crushing his leg and back." Id. at ¶ 29.

On May 24, 2022, Eden and his wife filed an eight-count complaint. Named as defendants are: Joseph Car Transport, Alcharbaji, the Frontier Defendants, C.H. Robinson Operations, Inc., C.H. Robinson Worldwide, Inc., C.H. Robinson Company, Inc., and KGPCO.[2] Counts I, II, and III assert that Joseph Car Transport, Alcharbaji, the Frontier Defendants, and the C.H. Robinson Defendants were negligent. Count IV alleges a cause of action for joint venture against Joseph Car Transport and the C.H. Robinson Defendants. Count V alleges a claim for agency and vicarious liability against Joseph Car Transport and the C.H. Robinson Defendants. Count VI and VII assert claims for violation of W. Va. Code § 23-4-2(d)(2)(B) against KGPCO (Count VI) and the Frontier Defendants (Count VII). Finally, Count VIII (incorrectly identified as Count V) asserts a claim for loss of consortium on behalf of Elizabeth Eden.

---

[2] According to the Complaint, the C.H. Robinson defendants are responsible for hiring Joseph Car Transport to deliver the load at issue in this case.

The complaint contains the following paragraph:

> 12. Defendant Joseph Car Transport's owner and/or driver, Defendant Yahia Alcharbaji, is a prior convicted felon. Mr. Alcharbaji was convicted for various offenses related to his involvement in a large operation that transported, repackaged, and sold stolen property, which was based out of Dayton, Ohio. See United States v. Abdelsalam, 311 Fed. Appx. 832, 2009 U.S. App. LEXIS 3422 (6th Cir. February 19, 2009). Defendant Joseph Car Transport is vicariously and directly liable for Defendant Yahia Alcharbaji's actions and conduct.

Id. at ¶ 12. Alcharbaji and Joseph Car Transport have moved to strike paragraph 12 from the Complaint. According to them, it is "immaterial, impertinent, and scandalous and has no place in this litigation." ECF No. 6 at 3.

## Analysis

Rule 12(f) of the Federal Rules of Civil Procedure permits a "court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As this court has previously noted, "Rule 12(f) motions impose[] a sizable burden on the movant. A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) (Haden, C.J.); see also Modern Pharmacy, LLC v. J.M. Smith Corp., Civil Action No. 7:19-cv-1218-TMC, 2020 WL 13490927, at *2 (D.S.C. Mar. 18, 2020) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a

3

drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'") (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)).

>  In deciding a motion to strike under Rule 12(f), courts generally do not consider "matters outside the pleadings." Clark v. Pizza Baker, Inc., No. 2:18-cv-157, 2019 WL 4601930, at *8 (S.D. Ohio Sept. 23, 2019) (internal quotation marks omitted); see Baucom v. Cabarrus Eye Ctr., P.A., No. 1:06-cv-209, 2007 WL 1074663, at *2 (M.D.N.C. Apr. 4, 2007) (noting that "[m]atters outside the pleadings are not considered" in connection with a Rule 12(f) motion); Antoniou v. Thiokol Corp. Group Long Term Disability Plan, 849 F. Supp. 1531, 1533 (M.D. Fla. 1994) ("[M]atters outside the pleadings, such as affidavits or depositions must be disregarded in an analysis under a Rule 12(f) motion to strike.").  Indeed, "[a] motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, especially where, as here, there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed." Riemer v. Chase Bank, N.A., 275 F.R.D. 492, 494 (N.D. Ill. 2011).  A litigant's "argument that the allegations are false is irrelevant to [a] motion to strike" because "[w]hether they are true and supportable will be borne out in discovery. GTSI Corp. v. Wildflower, Int'l, Inc., No. 1:09CV123(JCC), 2009 WL 2160451, at *10 (E.D. Va. July 17, 2009).  Rather, "[t]he inquiry looks to whether the allegations are 'impertient' or 'scandalous.'" Id.  Allegations are scandalous under Rule 12(f) where they are "replete with abusive language and ad hominem attacks," Collura v. City of Philadelphia, 590 F. App'x 180, 185 (3d Cir. 2014), or "impugn[] the character of [a party]," Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 617-18 (1st Cir. 1988).  Even if the material is scandalous, however, "a motion to strike a matter from an answer will not be granted, unless the moving party demonstrates that . . . [the] presence [of the challenged material] in the pleading throughout the proceeding will be prejudicial to the moving party." Pennington v. Myers, No. CA 3:12-cv01509-JFA-SVH, 2013 WL 347968, at *2 (D.S.C. July 10, 2013) (internal citations omitted).

4

Id. at *3.  Furthermore, "[i]t is well established that when ruling on a motion to strike, the court must view the pleading under attack in a light most favorable to the pleader."  Clark, 182 F.R.D. at 71.

With the foregoing guidance in mind, the court cannot conclude that paragraph 12 should be stricken from the complaint. First, the material contained in that paragraph is not redundant and defendants do not argue otherwise.  Nor, at this early stage of the proceedings can the court conclude that Alcharbaji's status as a felon is immaterial or impertient.  See Faulkner v. York County School District, Civil Action No. 0:21-cv-02090-JMC, 2022 WL 673684, at *3 n.3 (D.S.C. Mar. 7, 2022) ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues.") (internal citation omitted).[3] Finally, while Alcharbaji's status as a felon is perhaps embarrassing, it is not necessarily scandalous.  See Whitney National Bank v. Boylston, Civil Action No. 09-0059, 2009 WL 1806655, at *4-5 (W.D. La. June 24, 2009) (holding that allegations that a party and nonparty met "through a 'massage session,' and that their relationship became 'more and more

---

[3] "[T]here is considerable overlap between the concepts of 'impertinent' and 'immaterial' matter."  5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1382 (3d ed. 2004).

intimate and included a sexual component'" need not be stricken as scandalous pursuant to Rule 12(f)).  For all these reasons, the motion to strike is **DENIED**.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record and to any unrepresented party.

IT IS SO ORDERED this 29th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge